# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JUNE and RICHARD ABERNATHY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09CV134 HEA |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 6]. Defendant has filed a written memorandum opposing the motion, to which Plaintiffs have replied. For the reasons set forth below, the Motion is denied.

## Facts and Background

Plaintiffs brought this action in the Circuit Court for the County of St. Louis, Missouri against Defendant for conversion and negligence. Plaintiffs allege that Defendant willfully converted the personal property that was contained in a safe deposit box at Defendant's branch location. Plaintiffs further allege Defendant was negligent in securing the safety of the personal property. Plaintiffs list the items which were allegedly contained in the safe deposit box, the value of which is alleged to be $67,700.00. Plaintiffs seek damages in amount of $67,700 actual damages. The also pray for punitive damages in an unspecified amount.

Defendants removed this action based on the Court's diversity of citizenship, pursuant to 28 U.S.C. § 1332. Plaintiffs now move to remand, contending that the Court lacks jurisdiction. The parties do not dispute that they are of diverse citizenship, rather, Plaintiffs contend that Defendant has failed to establish the amount in controversy exceeds $75,000.

## Standard for Federal Court Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Green v. Ameritide, Inc.*, 279 F.3d 590, 595 (8th Cir. 2002); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes must be strictly construed because they impede upon states' rights to resolve controversies in their own courts. *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). Although a defendant has a statutory right to remove when

jurisdiction is proper, the plaintiff remains the master of the claim and any doubts about the propriety of removal are resolved in favor of remand. See *In re Bus. Men's*, 992 F.2d at 183; *McHugh v. Physicians Health Plan of Greater St. Louis*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). If "at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c).

## Discussion

Jurisdiction under § 1332 requires a minimum amount in controversy in excess of $75,000, exclusive of interest and costs, and complete diversity of citizenship among the parties. The plaintiffs allege that the amount in controversy requirement has not been met and, thus, that federal jurisdiction is improper.

With regard to the amount in controversy requirement, the Eighth Circuit has established that when "the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practice Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (citing *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959 (8th Cir. 2000)).

To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford*

*Motor Co.*, 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004). In determining the amount in controversy, the relevant question is not whether the verdict will ultimately exceed $75,000, rather, it is whether a finder of fact could legally conclude that the damages exceed that amount. *Riffert v. Walgreen Co.*, 2008 WL 495643, at *2 (E.D. Mo. Feb. 20, 2008) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

It is well established that, when calculating the amount in controversy, punitive damages are to be included. *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)(citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943)). The Court is given great discretion in decisions involving claims for punitive damages and, hence, is required to closely scrutinize such claims. *Larkin v. Brown*, 41 F.3d 387, 389 (8th Cir. 1994) (quoting *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972), aff'd 414 U.S. 291 (1973)).

However, when punitive damages are included, the "existence of the required amount must be supported by competent proof." *Id.* at 388-89 (quoting *Esler v. Northrop Corp.*, 86 F.R.D. 20, 28 (W.D. Mo. 1979)). In the specific context of a motion to remand, such proof may include evidence of similar cases in which punitive damages were awarded. See *Rodgers v. Wolfe*, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006); *Gonzalez-Lopez v. Fahle*, 2005 WL 2708832 (E.D. Mo.

Oct. 21, 2005). In addition, the party opposing remand may provide evidence of "plaintiff's conduct and representations, . . . the plaintiff's refusal to stipulate that she would not demand more than the jurisdictional amount, or an extensive list of serious and disabling injuries suffered by the plaintiff." *Schudy v. Gordon*, 2006 WL 859279, at *1 (W.D. Mo. March 28, 2006).

In the present case, Plaintiffs are seeking actual damages in the amount of $67,700, plus punitive damages. Prior to the institution of this suit, Plaintiffs presented Defendant with a letter and an appraisal suggesting that Plaintiffs' damages were "at least" $74,400. This, coupled with the suggestion in Plaintiffs' attorney's letter to Defendant that the amount did not take into account appreciation of the items alleged to have been in the safe deposit box, clearly indicates that the damages herein could exceed $75,000.

Likewise, even assuming that Plaintiffs' actual damages are to be limited to $67,700, (*i.e.*, a reduced amount with no increase for appreciation), Plaintiffs' demand for punitive damages would increase this amount. While the Court cannot predict the amount, if any, of punitive damages, the Court, in its discretion in determining whether the amount in controversy exceeds the jurisdictional amount, is of the opinion that, if indeed an award of punitive damages is rendered, the award would be sufficient to raise Plaintiff's damages above the jurisdictional amount.

**Conclusion**

Considering all of the relevant factors, the Court is of the opinion that diversity jurisdiction exists in this matter. The Defendants have provided the Court with authority establishing that punitive damages have been assessed against banks in other cases of conversion. Additionally, as the Defendants point out, Plaintiffs have not stipulated that they are not seeking damages in excess of $75,000. The Court is permitted to consider both the relevant punitive damages awards in other cases, and the Plaintiffs' failure to stipulate, in its determination regarding the amount in controversy. Defendants have established, by a preponderance of the evidence in consideration of the motion, that the amount in controversy exceeds $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 6], is **DENIED**.

Dated this 16th day of March, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE